12-3936-cv
*Aceto Agricultural Chemicals Corp. v. Bayer Aktiengesellschaft, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

---

ACETO AGRICULTURAL CHEMICALS CORPORATION,

> *Plaintiff-Counter-Defendant-Appellee,*

> v.                                                       No. 12-3936-cv

BAYER AKTIENGESELLSCHAFT, BAYER CROPSCIENCE LP ,

> *Defendants-Counter-Claimants-Appellants.*[*]

---

**FOR DEFENDANTS-APPELLANTS:**               PHILLIP BARENGOLTS, (Robert M. Newbury, Jeffrey A. Wakolbinger, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP, Chicago, IL, David A. Zwally, Frommer Lawrence & Haug LLP, New York, NY, *on the brief*) Pattishall, McAuliffe, Newbury, Hilliard

---

[*] The Clerk of the Court is directed to amend the official caption to conform to the above.

& Geraldson LLP, Chicago, IL *for Bayer Aktiengesellschaft and Bayer CropScience LP.*

**FOR PLAINTIFF-APPELLEES:**     TIMOTHY P. GETZOFF, Holland & Hart LLP, Boulder, CO *for Aceto Agricultural Chemicals Corporation.*

Appeal from the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 31, 2012 judgment of the District Court granting summary judgment for plaintiff-appellee is **AFFIRMED**.

Plaintiff-appellee, Aceto Agricultural Chemicals Corporation ("Aceto"), commenced this suit against defendants-appellants Bayer Aktiengesellschaft and Bayer CropScience LP (jointly "Bayer" or "appellants") seeking a declaratory judgment pursuant to 28 U.S.C. § 2201. Specifically, Aceto sought a judgment that its "PROFINE 75" mark, associated with a herbicide product, does not infringe on Bayer's trademark rights in their "PROLINE mark," associated with a fungicide product. Before the District Court, Bayer counterclaimed, alleging that Aceto's use of the PROFINE 75 mark was trademark infringement in violation of 15 U.S.C. § 1114(1), unfair competition in violation of 15 U.S.C. § 1125(a), and unfair competition under New York common law. On May 16, 2012, the District Court concluded a two-day bench trial, after which it granted judgment in favor of Aceto. This timely appeal followed. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

On appeal, Bayer claims that the District Court clearly erred in dismissing its claim of trademark infringement. "A claim of trademark infringement is analyzed under a familiar two-prong test. The test looks first to whether the plaintiff's mark is entitled to protection, and second to whether the defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004) (alterations and internal quotation marks omitted).[1] "The landmark case of *Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492 (2d Cir. 1961) (Friendly, *J.*), outlined a series of nonexclusive factors likely to be pertinent in addressing the issue of likelihood of confusion, which are routinely followed in such cases." *Virgin Enterprises Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003) (collecting cases). "Six of the *Polaroid* factors relate directly to the likelihood of consumer confusion[:] . . . [(1)] the strength of the plaintiff's mark; [(2)]the similarity of defendants' mark to plaintiff's; [(3)] the proximity of the products sold under defendants' mark to those sold under plaintiff's; [(4)] where the products are different, the likelihood that plaintiff will bridge the gap by selling the products

---

[1] Although Aceto initiated this action, Bayer bore the burden of proof as the party claiming infringement.

being sold by defendants; [(5)] the existence of actual confusion among consumers; and [(6)] the sophistication of consumers." *Id.* at 146-47. "The remaining two *Polaroid* factors, defendants' good or bad faith and the quality of defendants' products, are more pertinent to issues other than likelihood of confusion, such as harm to plaintiff's reputation and choice of remedy." *Id.* at 147.

"A district court's findings with regard to each individual factor are subject to the clearly erroneous standard of review, but the ultimate issue of the likelihood of confusion is reviewed *de novo.*" *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 116-17 (2d Cir. 2006). Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the judgment of the District Court, substantially for the reasons articulated in its thorough and well-reasoned Opinion of July 30, 2012. *See Aceto Agr. Chemicals Corp. v. Bayer Aktiengesellschaft*, No. 10 Civ. 1770(AJN), 2012 WL 3095060 (S.D.N.Y. July 30, 2012). While no one factor under *Polaroid* is dispositive, we note the District Court's findings that: (1) the two marks have "coexisted in the pesticide market for thirty-eight months without a single instance of product confusion reported"; (2) there was "minimal evidence" presented at trial that the two marks are sold in the same markets; (3) the products associated with the two marks are "primarily applied to different crops"; (4) numerous pesticides made by companies other than Bayer used the prefix "PRO" in their product name; (5) Bayer's PROLINE mark is not arbitrary or fanciful, but suggestive, and thus not in the highest category of trademark strength deriving from inherent distinctiveness; (6) the packaging of the two marks "differs in imagery, color, and format" and "clearly indicates the name of the respective manufacturer"; (7) the purchasers of the two products are "commercial farmers" who are "sophisticated," are "invest[ing] significant amounts of money in crop protection products" important to "their livelihood" and are "not likely to make a casual purchase or application decision such that these two products would be confused." *Id.* at *4-9.

We have reviewed all of appellants' arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the July 31, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3